UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KESHAWN COLEMAN, | Civil Action No. 18-13181 (CCC) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| STEVEN JOHNSON, et al., | |
| Respondents. | |

**CECCHI, District Judge:**

Presently before the Court is Keshawn Coleman's ("Petitioner") amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions. ECF No. 3. Respondents filed a response to the petition (ECF No. 8, 10), to which Petitioner replied. ECF No. 19. For the reasons set forth below, the Court dismisses the amended petition for lack of exhaustion and denies Petitioner a certificate of appealability.

By way of background, Petitioner was convicted in New Jersey state court of first-degree murder and various weapons offenses in 2010. ECF No. 10-6. Petitioner appealed, and his conviction was affirmed in October 2012. *Id.* Petitioner then filed a petition for certification, which was denied by the New Jersey Supreme Court in March 2013. ECF No. 10-9.

Thereafter, Petitioner sought to collaterally attack his conviction via a petition for post-conviction relief. In his petition and brief, Petitioner raised for the first time numerous claims of ineffective assistance of counsel, including claims that counsel failed to interview and call three alibi witnesses and two additional witnesses, as well as a *Brady* claim based on the state's alleged failure to turn over a report regarding a rumor police received from a confidential informant. ECF No. 10-32. The Post-Conviction Review ("PCR") court denied that petition. ECF No. 10-36.

1

Petitioner appealed the PCR court's decision, but in so doing he appealed the denial of only one of his claims—that his trial counsel was ineffective for not interviewing and calling the three proposed alibi witnesses. *See* ECF Nos. 10-10, 10-12. Petitioner did not challenge the PCR court's decision to deny his *Brady* and other ineffective assistance of counsel claims on appeal. *Id.* The Appellate Division affirmed the denial of PCR relief, and Petitioner thereafter filed a petition for certification with the New Jersey Supreme Court. ECF No. 10-15. In that petition, Petitioner once again only raised his claim that counsel was ineffective in failing to call the three alibi witnesses. *Id.* Petitioner's petition contains no argument or claim about the other two witnesses at issue. *Id.* Petitioner's certification petition also does not assert his *Brady* claim. *Id.* The New Jersey Supreme Court denied certification in February 2018. ECF No. 10-18.

Petitioner thereafter filed his petition and amended petition in this matter. ECF Nos. 1, 3. In his amended petition, Petitioner attempts to assert all of his ineffective assistance of counsel and *Brady* claims from his PCR petition, including claims that Petitioner never appealed. In their answer to Petitioner's habeas petition, Respondents argue that Petitioner's amended habeas petition is an unexhausted mixed petition insofar as Petitioner did not raise all of his pending ineffective assistance of counsel claims and his *Brady* claim on appeal from the denial of his PCR petition. In his reply, Petitioner states only that he believes that his amended petition is fully exhausted because he "exhausted his trial counsel's failure to interview and call several alibi witnesses to testify at trial" on appeal and before the New Jersey Supreme Court. ECF No. 19 at 27. However, Petitioner does not argue in his reply that he exhausted his other ineffective assistance claims or his *Brady* claim. *Id.*

Pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted to an individual confined pursuant to a state court order unless the petitioner has "exhausted the remedies available

in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this exhaustion requirement when he has presented each of his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *see also Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1–*3 (D.N.J. March 10, 2015). "Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner will therefore only have properly exhausted his claims where he has presented all of his claims "to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Barnes*, 2015 WL 1035428 at *1.

Here, while Petitioner did exhaust his state court remedies as to his claim that counsel failed to call three alibi witnesses, he did not appeal and thus failed to exhaust his claims that counsel was ineffective in failing to call two additional witnesses. Likewise, Petitioner failed to appeal and exhaust his *Brady* claim. As Petitioner did not raise these claims before either the Appellate Division or New Jersey Supreme Court, he has failed to exhaust his state court remedies and his habeas petition is therefore an unexhausted mixed petition, and must be dismissed without prejudice.[1] *See, e.g., Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)); *Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004).

---

[1] Petitioner has not sought a stay or otherwise requested that he be permitted to return to state court to exhaust his claims; instead he has chosen to stand by all of the claims contained in his amended petition. Even had Petitioner requested a stay, Petitioner has not demonstrated good cause for his failure to exhaust. Petitioner could have raised all of his claims on appeal from the denial of PCR. Instead, he chose to abandon several of his claims and not reassert them until he filed his habeas petition in federal court. As there is no evidence that there was good cause for his failure to exhaust his claims, Petitioner would not be entitled to a stay in any event. *See Rhines*, 544 U.S. at 277-78.

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because the record clearly indicates Petitioner's petition is an unexhausted mixed petition, Petitioner is denied a certificate of appealability.

In conclusion, Petitioner's amended habeas petition (ECF No. 3) is dismissed without prejudice for lack of exhaustion, and Petitioner is denied a certificate of appealability.  An appropriate order follows.


DATED: January 27, 2023

                                             s/ Claire C. Cecchi
                                        **Claire C. Cecchi, U.S.D.J.**